851 F.2d 1500
 271 U.S.App.D.C. 273
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Robert G. BAKER, Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Appellee.
 No. 86-1589.
 United States Court of Appeals, District of Columbia Circuit.
 June 29, 1988.
 
 Before MIKVA, EDWARDS and WILLIAMS, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record on appeal from an order of the United States Tax Court and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir. Rule 14(c). For the reasons set forth in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED by the court that the order of the Tax Court be affirmed.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir. Rule 15.
 
 MEMORANDUM
 
 4
 Appellant Robert G. Baker appeals from an order of the United States Tax Court, dated July 30, 1986, which denied Baker's motion to vacate a stipulated decision filed in the Tax Court on August 7, 1984. We conclude that the Tax Court did not abuse its discretion in denying Baker's motion and therefore affirm. See Stickler v. Commissioner of Internal Revenue, 464 F.2d 368 (3d Cir.1972).
 
 
 5
 A valid settlement agreement such as the stipulation at issue in this case, is binding on the parties absent fraud or mutual mistake. See Callen v. Pennsylvania R. Co., 332 U.S. 625, 630; Saigh v. Commissioner, 26 T.C. 171, 176 (1965). Upon review of the briefs and the record, we conclude that Baker has not demonstrated that the Internal Revenue Service ("IRS") fraudulently induced Baker to agree to the controversial paragraph 3 of the Stipulation. Furthermore, we conclude that the paragraph was clearly written, and any misinterpretation was due to Baker's desire to use paragraph 3 to his benefit in a proceeding to set aside his criminal conviction. Kearney's affidavit was not a repudiation of paragraph 3, but rather an explanation for the IRS's consent to the stipulation.
 
 
 6
 Finally, we see no reason for concluding that the Tax Court abused its discretion in denying to hold the stipulation in abeyance until Baker's third petition for writ of error coram nobis is resolved. The Tax Court held the stipulation in abeyance from 1981 through 1986 until Baker's second petition for writ of error coram nobis was affirmed on appeal. There is no basis for any further withholding. Accordingly, we affirm the order of the Tax Court, filed July 30, 1986, denying Baker's motion to vacate the Stipulation.